James Robert KENNEDY, Appellant (Defendant below),

v.

STATE of Wyoming, Appellee (Plaintiff below).

No. 3795.

Supreme Court of Wyoming.

June 10, 1970.

Rehearing Denied Sept. 9, 1970.

Raymond B. Whitaker, Casper, for appellant.

James E. Barrett, Atty. Gen., Richard A. Stacy, Asst. Atty. Gen., Cheyenne, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

James Robert Kennedy was charged and convicted of first degree rape in the district court of Natrona County. This opinion has to do with his appeal from such conviction.

In something of a shotgun approach counsel for appellant has assigned ten grounds for reversal. We have found no merit in any of them.

1. The first contention made for appellant is that there was no showing of force used by defendant. Such contention is not borne out by the record. The prosecutrix testified to being struck by defendant; to her resistance; that she was kicking and crying; and that bruises resulted from the prosecutrix being struck. Other witnesses told of complaints by the prosecutrix; of her clothes being torn; of seeing the bruises and injuries. One of the witnesses who described her injuries was a physician who examined the prosecutrix.

The defendant admitted having intercourse with the prosecutrix. Whether she offered resistance or consented was patently a jury question. State v. Bouldin, Mont., 456 P.2d 830, 834.

2. Appellant claims the trial court erred because it did not grant defendant's motion for directed verdict. This is said to be true because the prosecution did not establish the use of force and because it did not prove venue.

We have already pointed out that there was substantial evidence of the use of force and nothing more needs to be said on that subject. Regarding venue, the defendant himself fixed the place of the intercourse as being near the Casper airport and along a canal. A deputy sheriff testified the vicinity described was within Natrona County and that the canal was entirely within such county. Not only was there ample for the jury to find the act took place in Natrona County, but we can take judicial knowledge of the fact that any place in the vicinity of the Casper airport is within Natrona County. Appellant does not claim the place where he had intercourse with the prosecutrix was in another county.

█ It is immaterial if part of the evidence we refer to as establishing the use of force and establishing venue may have been introduced after defendant's motion for directed verdict was denied. Neel v. State, Wyo., 452 P.2d 203, 204.

3. Appellant argues the trial court erred in refusing to grant defendant a new trial. The basis for the motion for new trial was that new evidence had been discovered. At the trial the prosecutrix stated she had not had any alcohol to drink. The "new evidence" claimed by defendant was evidence which might contradict this statement.

█ Appellant wholly fails to convince us that the matter of whether the complaining witness did or did not drink an intoxicating beverage is so material to defendant's guilt or innocence that a new trial would probably produce a different verdict. Indeed, appellant has not attempted to explain why he believes, if he does believe, that the statement made by the prosecutrix about not drinking had any bearing on the jury's verdict.

In Opie v. State, Wyo., 422 P.2d 84, 85, we reviewed four essential matters which need to be shown in connection with a motion for new trial on the ground of newly discovered evidence. Appellant has not

demonstrated to us that those showings were made to the trial court.

4. Appellant complains because the trial court refused to instruct the jury that the charge against defendant is one which is easily made and difficult to disprove; that the complaining witness and defendant usually are the only witnesses; and therefore the law requires that the jury examine the testimony of the prosecuting witness with caution.

Counsel for appellant relies primarily on People v. Williams, 55 Cal.App.2d 696, 131 P.2d 851, 853, as authority for such a cautionary instruction. However, counsel refers to the *Williams* case as one similar to the instant case "where the testimony of the prosecutrix is not only uncorroborated, but is also highly subject to contradiction."

It is apparent from things we have already said that we do not agree the testimony of the prosecutrix was uncorroborated. It is true there were no eyewitnesses who could be expected to corroborate all of the testimony of the complaining witness, but her testimony was corroborated by the testimony of the doctor and by witnesses who heard her complaints and saw her bruises and torn clothes—and also by defendant's admission that he had intercourse.

Aside from the defendant, who is appellant in our court, and the complaining witness, there were two male companions with this defendant. They were also charged with acts of rape. While they could hardly be expected to corroborate the victim's story, they were nevertheless eyewitnesses. Thus, this case is unlike those cases contemplated in the proffered instruction, where testimony on the part of the complaining witness is uncorroborated and where only the complaining witness and defendant are witnesses to the act.

The *Williams* case specifically recognized that whether a refusal to give a cautionary instruction is prejudicial error depends upon the circumstances of each case. 131 P.2d 851. We find nothing in that case which would repudiate the earlier case of People v. Burnette, 39 Cal.App.2d 215, 102

P.2d 799, 807. In the *Burnette* case, it was held the kind of cautionary instruction which Kennedy requested may be permissible where the act of intercourse is denied, and where there are no corroborating circumstances. However, where the act is admitted and the only issue is whether force was used, the cautionary instruction was said to have no place in the case.

Concerning the rule in our state, it was held in State v. Koch, 64 Wyo. 175, 189 P. 2d 162, 168–169, not to be prejudicial error to refuse such an instruction as Kennedy requested, where testimony of the complaining witness is corroborated. It can be implied we think, from what was said in *Koch*, that when testimony of the prosecutrix is not corroborated a cautionary instruction should ordinarily be given, unless it appears the jury had a full realization of the duty to view the testimony of the prosecutrix with caution.

■ Also, mention was made in the *Koch* opinion of the fact that our court had previously stated, if the court instructs the jury that it may convict the defendant upon the uncorroborated testimony of the prosecutrix, it should give a cautionary instruction. In Kennedy's trial the court did not instruct that the defendant could be convicted upon uncorroborated testimony of the complaining witness. We assume such an instruction was not given because the trial court, like us, considered the testimony of the prosecutrix corroborated.

■ 5. Appellant is claiming the trial court should have allowed the jury the option of finding the defendant guilty of adultery as an included offense in the crime of rape. No authority is cited for this novel contention. We will therefore assume no such authority was found by counsel for appellant. Our statute on adultery, § 6–86, W.S.1957, applies to any person who "cohabits with another in a state of adultery." There was no evidence of a cohabitation in this case.

6. Appellant suggests the trial court erred because it refused to allow defendant's counsel to interrogate a juror who supposedly showed by her demeanor that she was not fully sure of her verdict. It would have been pure speculation and guesswork if the trial judge had tried to assume what the juror showed by her demeanor, and we have no way of knowing from the record what she showed by her demeanor.

■ Appellant cites no authority for his position on this point. On the contrary, he admits there is case law which would indicate denial of his request to interrogate was proper. We would have no basis for considering the denial prejudicial error.

7. Appellant claims error in the giving of instruction 6 which reads:

"The rule which clothes every person accused of crime with the presumption of innocence, and imposes upon the State the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid anyone who is in fact guilty to escape, but is a humane provision of the law, intended insofar as human agencies can, to guard against the danger of any innocent person being unjustly punished. To establish the guilt of a defendant beyond a reasonable doubt is not meant that such guilt shall be established to an absolute certainty. Absolute certainty in the establishment of any fact is rarely attainable, and never required in courts of justice."

Reynolds v. United States, 9 Cir., 238 F. 2d 460, 462–463, 16 Alaska 502, is cited by appellant for the proposition that a defendant has a right to have an instruction on the presumption of innocence and that it is wrong to add a self-defeating qualification. We do not quarrel with the principle that it would be wrong to add a self-defeating qualification, but we cannot agree such a qualification was added in the instruction set out above.

In *Reynolds*, the jury had been instructed that the rule as to presumption of innocence is not intended to "prevent" the conviction of any person who is in fact guilty. The court pointed out that, where the prosecution is unable to muster evidence suffi-

cient to overcome the presumption, conviction is *prevented*. Thus, it would be wrong to say the rule as to presumption of innocence is not intended to "prevent" the conviction of any person who is in fact guilty, because in some cases it may do that very thing.

Without saying whether we would follow *Reynolds* if we were called upon to consider the instruction dealt with in that case, we do point out that the instruction given in Kennedy's trial was different. The court merely said the rule which clothes every person accused of crime with the presumption of innocence is not intended to "aid" anyone who is in fact guilty to escape.

It is a correct and proper statement to say the rule we speak of was not developed "for the purpose of aiding the guilty to escape punishment." Indeed, this precise statement was made in the *Reynolds* case. 238 F.2d 463. It can be seen then that the trial court, in Kennedy's case, followed what was approved in *Reynolds*.

■ We find nothing in the instruction complained of which is not factually and legally correct. Perhaps we should mention that instruction 5 fully covered the matter of defendant being presumed to be innocent; and that this presumption accompanied him throughout the trial and went with the jury in their retirement and deliberation.

8. Appellant asserts an objection to instruction 8 which reads:

"YOU ARE INSTRUCTED there is 'carnal knowledge' if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male. It is not necessary that the vagina be entered; the entering of the vulva or labia is sufficient. Proof of emission is not required."

The objection to this instruction seems to be predicated on the idea that, since defendant admitted having had intercourse with the prosecutrix, it unduly prejudiced the minds of the jurors for the court to

speak of penetration and of the sex organs. The only authority cited is 75 C.J.S. Rape § 82, p. 576.

This authority states, in a prosecution for rape, the court "must" properly charge as to the necessity for penetration, but an "abstract" instruction on the issue of penetration should not be given.

We have difficulty in understanding the objection to instruction 8 because appellant seems to say the instruction was "abstract," and yet he complains that it was so specific and complete as to prejudice the minds of the jury.

■ In any event, the defendant in this case was being tried for the crime of unlawfully and feloniously having had carnal knowledge of a woman forcibly and against her will. It was therefore necessary and proper for the court to define "carnal knowledge," and instruction 8 did that very thing. We find nothing wrong with the instruction, and appellant has shown no authority for condemning it.

9. Instruction 9 told the jury an act of sexual intercourse is against the female's will or without her consent when, for any cause, she is not in a position to exercise independent judgment about the matter. Appellant claims use of the language "for any cause" is too broad and all encompassing and undefined.

■ We find nothing objectionable in the use of these words; and appellant cites no authority or persuasive reason for believing use of such words prejudiced the defendant. We, of course, need not search out authorities but will presume counsel for appellant found none. Drummer v. State, Wyo., 366 P.2d 20, 22; Valerio v. State, Wyo., 429 P.2d 317, 319.

10. Finally, appellant argues the trial court should not have instructed the jury with respect to defendant's admission that he had been previously convicted of a felony. The instruction stated such prior conviction could be considered by the jury in judging the credibility of defendant and for no other purpose. It also informed the jury that such conviction did not raise a

presumption that the defendant had testified falsely.

The only contention made in connection with this point is that the instruction was repetitious because, after defendant had testified on his own behalf, he was asked during cross-examination whether he had been convicted of a felony. There was no objection to the question, and defendant answered in the affirmative. Thereupon, the court immediately admonished the jury that it should not give any weight to the previous felony conviction in resolving the issue of guilt or innocence; that the jury could consider it in weighing the credibility of the witness' testimony; and that this was the only purpose for which the evidence was received.

It seems obvious to us the court was only zealous to see that the rights of defendant were fully protected by making it clear to the jury that a former conviction had no bearing in the case, except as it might affect the defendant's credibility.

 Appellant has shown no prejudice from the fact that this instruction was included with other written instructions. On the contrary, we are inclined to believe harm might have resulted to defendant if the written instruction had not been given. Juries are usually instructed to consider all of the instructions as a whole, and it was proper for this one to be made a part of the whole.

 It was permissible on cross-examination, after defendant had testified in his own behalf, to ask about prior convictions —if the purpose was to question the credibility of the witness. State v. Velsir, 61 Wyo. 476, 159 P.2d 371, 375–376, 161 A.L.R. 220. And instructions similar to the one criticized here have been previously approved by this court. State v. Hines, 79 Wyo. 65, 331 P.2d 605, 610–611, cert. den. 366 U.S. 972, 81 S.Ct. 1938, 6 L.Ed.2d 1261.

Finding no reversible error in connection with any of the assignments made, we approve the judgment of the district court.

Affirmed.