**Mike Leanard HAYES, Appellant (Defendant below),**

**v.**

**The STATE of Wyoming, Appellee (Plaintiff below).**

**WYOMING PUBLIC DEFENDER PROGRAM, Appellant,**

**v.**

**JOHNSON COUNTY, Wyoming, Appellee.**

**Nos. 5062, 5149.**

Supreme Court of Wyoming.

Sept. 5, 1979.

Gerald M. Gallivan, Director, Wyo. Defender Aid Program (argued), Laramie, Frank R. Chapman, Public Defender, Casper, and Kurt Kelly, Student Intern, Laramie, appeared on brief for appellant in No. 5062.

Gay V. Bartels, Asst. Atty. Gen. (argued), John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., appeared on brief for appellee in No. 5062.

Richard H. Honaker, Asst. Atty. Gen., Appellate Counsel, Wyo. Public Defender Program, Cheyenne, submitted the brief for appellant in No. 5149.

No timely appearance for appellee in No. 5149.

## ORDER VACATING DISTRICT COURT ORDERS

After examination of the records in the above-entitled appeals, the court finds and concludes:

1. No. 5149 arose in the trial court out of the case of State of Wyoming v. Mike Leanard Hayes, No. 78–4 CR–7 in the District Court, Fourth Judicial District, Johnson County. That case has been on appeal in this court, having been filed and docketed here on December 22, 1978, captioned *Hayes v. State,* No. 5062, and on August 16, 1979, an opinion, 599 P.2d 558, was handed down affirming the trial court's judgment and sentence. The mandate has not issued, so the appeal in No. 5062 is still pending before this court. The within appeal, No. 5149, is taken from an order of the district court in a matter incident to the trial of No. 5062 but not related to the guilt or innocence of the defendant Hayes, made and entered April 4, 1974. No. 5149 is not only inappropriately titled but taken from an order of the district court made and entered when it had no jurisdiction in the case, in that upon docketing in this court the case was under the jurisdiction of this court. Rule 73(h), W.R.C.P.; Rule 3.01, WRAP. The judgment and sentence was made prior to the effective date of the Wyoming Rules of Appellate Procedure.

2. This court has inherent power to control proceedings before it and under its jurisdiction and can and will summarily raise and dispose of questions arising with respect to jurisdiction. The supreme court has the duty to consider the integrity of an appeal addressed to jurisdictional defect, even though not called to its attention by any litigant. *Jackson v. State,* Wyo.1976, 547 P.2d 1203.

3. Timothy J. Kirven was appointed to defend the defendant in the district court and, upon completion of his assignment, submitted vouchers to Johnson County for payment of fees and expenses associated with the defense of Hayes.

4. The Johnson County and Prosecuting Attorney, on behalf of Johnson County, on February 6, 1979, filed a motion in the same criminal matter requesting an order to tax such fees and expenses to the State of Wyoming Public Defender Program. It would appear but is not clear from the record before this court that Johnson County paid Mr. Kirven. The district court, on February 6, 1979, granted the motion ex parte directing payment of fees and costs in the sum of $7,596.50 by the Public Defender Program to Johnson County but allowing it to show cause why it should not pay. The Wyoming Public Defender entered an appearance and, upon its request, a hearing was had, argued by the Johnson County and Prosecuting Attorney, and resisted by an Assistant Public Defender. The trial court entered·an order directing the Wyoming Public Defender Program to pay to Johnson County $7,226.50 for representation by Kirven of Hayes. The Assistant Public Defender filed the notice of appeal, the docketing statement and the record with this court, docketed as No. 5149. The notice of appeal and the docketing statement were served on the Johnson County and Prosecuting Attorney and on the Attorney General, all under the title of "State of Wyoming, Plaintiff, vs Mike Lea-

nard Hayes, Defendant." A brief in this appeal was timely filed by "Appellate Counsel, Wyoming Public Defender Program" under the inappropriate caption "Wyoming Public Defender Program, Appellant vs Johnson County, Wyoming, Appellee." The Attorney General has made no appearance in No. 5149. The brief of appellant was served on the Johnson County and Prosecuting Attorney but not on the Attorney General. The Johnson County Attorney failed to timely file a brief and has been precluded by Order of this court from appearing, pursuant to Rule 5.11, WRAP. The purported order was made and entered after the effective date of the Wyoming Rules of Appellate Procedure.

5. There is no provision in law for the Public Defender Program or for any other state agency to appear in its own name to represent the State of Wyoming in the district court or this court on a matter such as this. Section 9–2–505, W.S.1977 provides:

"The attorney general shall prosecute and defend all suits that may be instituted by or against the state of Wyoming, the prosecution and defense of which is not otherwise provided for by law, and he shall represent the state in all criminal cases in the supreme court, and shall defend all suits brought against the state officers in their official relations, except suits brought against them by the state. He shall be required to attend to the interests of the state in all suits, actions or claims in which the state is or may become interested in either the supreme court of the state, or in any of the United States courts. * * * "

The Attorney General should be representing the State of Wyoming in a dispute involving a claim for payment from State appropriated funds, not the Public Defender.

6. The district court can only determine the proper rate of compensation under the conditions prescribed by § 7–1–115(b) and (c), W.S.1977 to be paid to the attorney appointed by it to represent the needy person in the district court proceedings. The claim for such compensation is then presented as in the case of all other claims for money, to the State or to the County as the case may be, pursuant to § 7–1–115(b). The Public Defender Program is an agency of the Executive Branch of the State of Wyoming and has no authority—that this court can find—to sue or be sued. If the State (properly represented by the Attorney General) or County or both entities contest the right to receive the payment, appointed counsel can bring his action for a declaratory judgment or other appropriate proceeding. The district court had no jurisdiction to adjudicate a civil claim involving a conflict between the State and County as parties, as here, in a criminal action. *Phillips v. State,* Wyo.1976, 553 P.2d 1037, 1042. Appropriate claims or counter-claims or cross-claims and joinders can there be made. The facts before us, however, may have been complicated by payment to the claimant, and the County is attempting to recoup. If so, the county should make a claim in the approved manner on the State so that the case may mature in the proper manner for presentation to the court, if necessary. The district court will then have all proper parties before it in a separate action; and if the decision of the district court is not acceptable to one or more of the parties on a legal basis, an appeal may then properly be made to this court.

7. The court here specifies that it is not by this order determining the merits of any claim of Johnson County or the State of Wyoming for payment of attorney's fees and only decides that must be determined in some separate action, after fees are fixed by the district court, as explained.

For these reasons, upon the court's own motion, it is

ORDERED that any orders made by the district court while .State of Wyoming v. Mike Leanard Hayes, No. 78–4 CR–7 in the District Court for Johnson County, Wyoming, was on appeal in this court as *Mike Leanard Hayes v. The State of Wyoming,* No. 5062, be and are vacated.

FURTHER ORDERED that upon issuance of the mandate in No. 5062, such

proceedings be taken in the district court with respect to attorney's fees, as may be consistent with the findings and conclusions of this court in this order.