Delmar Webb TAYLOR, Appellant
(Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 5774.

Supreme Court of Wyoming.

Feb. 24, 1983.

Patrick L. Fagan of Fagan & Fagan, Casper, for appellant.

Steven F. Freudenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Sr. Asst. Atty. Gen., and Michael L. Hubbard, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J.,* and RAPER, THOMAS, ROSE ** and BROWN, JJ.

BROWN, Justice.

Appellant was convicted of driving while under the influence of intoxicating liquor (DWUI) and given a maximum sentence. He appeals from the sentence, contending that the justice of the peace court abused its discretion in giving him a maximum sentence. He also contends that the district court erred in affirming the sentence. He raised a jurisdictional issue after oral argument, which he and appellee briefed, by this court's consent.

* Became Chief Justice on January 1, 1983.

** Chief Justice at time of oral argument.

We will affirm.

On August 5, 1981, a jury found appellant guilty of DWUI. The sentencing statute at the time of this incident was § 31–5–233(d), W.S.1977, (Cum.Supp.1981), which provided:

"A person convicted of violating this section is guilty of a misdemeanor punishable by imprisonment for not more than thirty (30) days or a fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00) or both. On a subsequent conviction within five (5) years after a conviction for a violation of this section, he shall be punished by imprisonment for not less than seven (7) days nor more than ninety (90) days, and shall not be eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis until he has served at least seven (7) days in jail. In addition, the person may be fined not less than two hundred dollars ($200.00) nor more than seven hundred fifty dollars ($750.00). The judge may suspend part or all of the discretionary portion of an imprisonment sentence under this subsection if the defendant agrees to pursue and completes an alcohol education or treatment program as prescribed by the judge." [1]

Initially, the justice of the peace court sentenced appellant to serve 90 days and fined him $750 plus $10 court costs, with 60 days suspended on the successful completion of an in-patient alcohol abuse program.

Appellant appealed that sentence to the district court, alleging that it was illegal because he was sentenced as a prior offender, and that there was no complaint or charging instrument indicating that he was to be tried as a second or third offender.[2] The district court agreed and remanded the matter to the justice of the peace court with instructions that appellant be resentenced as a first offender.

At resentencing, the court sentenced appellant to 30 days in jail and a fine of $500 plus $10 court costs, the maximum sentence for a first offense conviction. The district court affirmed this sentence and appellant appealed to this court.

The major part of appellant's brief is devoted to a dissertation on the philosophy of sentencing. Appellant says a harsh sentence creates disrespect and animosity for the system and makes people forsake any belief in justice. He then refers to publications which suggest that we are becoming an "inmate nation." Appellant uses statistics to indicate an increased incarceration rate of 40 percent in four years in at least one state.

This discussion is written from the viewpoint of one trying to avoid incarceration. Obviously, there is another point of view. Suffice it to say, sentencing is a highly subjective matter. If one is personally before the court he urges no sentence, probation or a minimum sentence. On the other hand, if the person before the court is a stranger, the general public thinks in terms of a maximum sanction. The trial court is in the best position to view sentencing objectively. We consider this an inappropriate forum for a philosophical discussion on sentencing. We will, instead, discuss the law.

## I

The main issue on appeal is whether the sentencing court abused its discretion in imposing a maximum sentence. In *Daniel v. State*, Wyo., 644 P.2d 172 (1982), and *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981), this court discussed the discretion of the sentencing court. In *Daniel v. State*, supra, we reaffirmed what we said in *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979):

" "The law in Wyoming is that the sentencing judge is given wide discretion in determining the length and conditions of the term of imprisonment to be imposed upon conviction and that such determination if within the statutory limits, will

---

1. This statute was amended by Ch. 50, S.L. of Wyoming, 1982, effective June 1, 1982, § 31–5–233(d), W.S.1977 (Cum.Supp.1982).

2. See *Evans v. State*, Wyo., 655 P.2d 1214 (1982), for a discussion of enhanced punishment.

not be disturbed absent a clear abuse of discretion.'" *Daniel v. State,* supra, at 178.

We said in *Scheikofsky v. State,* supra, at 1112–1113:

"This court has stated its approach to sentence review many times. If a trial court's determination of the terms of imprisonment is within the statutory limits, it will not be disturbed absent a clear abuse of discretion. [Citations.] A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. * * * We have an abiding reluctance to review a trial judge's determination of sentence. * * *"

▆ In referring to the latter sentence imposed by the justice of the peace court, appellant says that the sentence essentially reinstated the initial sentence and that it was "retaliatory" and "vindictive." Appellant is asking us to draw the conclusion that the sentencing court was retaliating for the reversal of the first sentence by sentencing appellant to the same amount of actual jail time as he had received under the first sentence. However, he does not refer to anything in the record or cite any authority to support this conclusion. When appellant cites no authority or persuasive reason for an argument, the court need not search out authorities, but will presume counsel for appellant found none. *Kennedy v. State,* Wyo., 470 P.2d 372, 376 (1970), cert. denied, 401 U.S. 939, 91 S.Ct. 933, 28 L.Ed.2d 218 (1971); and *Valerio v. State,* Wyo., 429 P.2d 317, 319 (1967). The court need not notice a claimed error unsupported by available precedent or cogent argument. *Britton v. State,* Wyo., 643 P.2d 935, 940 (1982); and *Weddle v. State,* Wyo., 621 P.2d 231, 236 (1980).

▆ Appellant also argues that the jail time is unduly harsh, and that probation should have been considered. Appellant characterizes the sentence as excessive and unjust under the facts of this case.

In *Daniel v. State,* supra, we suggested that sentencing courts explain their reasons for denying probation and indicate the factors they considered in imposing sentence. In *Cavanagh v. State,* Wyo., 505 P.2d 311 (1973), we said:

"* * * In the imposition of a criminal sentence, the judge in exercising his judicial discretion should give consideration to all circumstances—aggravating as well as mitigating. * * *"

"We think that the judge soundly exercised his discretion when he concluded that the defendant—because of an uncured drinking problem—was in danger of further injuring the public if released. This being a sufficient reason for the denial of probation, we need not consider other justifications of the trial judge for denying probation." *Jones v. State,* supra, at 382.

In *Sanchez v. State,* Wyo., 592 P.2d 1130, 1137 (1979), we said:

"* * * The only right which an applicant for probation possesses is that his petition should be considered by the court. [Citations.] Further, a trial judge must give consideration to the application and grant or deny the same in the exercise of a sound legal discretion. * * *"

Section 31–5–233(d), W.S.1977 (Cum. Supp.1981), provided that the judge may suspend the sentence if the defendant agrees to pursue and complete an alcohol treatment program as prescribed by the judge. At the initial sentencing the judge recognized that appellant had an alcohol problem and directed that he attend and successfully complete an in-patient treatment program. At the resentencing the court found that appellant had made no attempt to avail himself of an in-house alcohol treatment program. It is obvious that the court considered this to be an aggravating circumstance, because, in view of the evidence, appellant needed in-patient treatment for his alcohol problem.

The court considered suspending the sentence, but the testimony of appellant's own witness clearly established the need for a structured in-house alcohol rehabilitation program. The court expressed reservations that any serious attempt had been made at taking the course of treatment recommended.

After reviewing all aggravating and mitigating circumstances, the court also noted that the high probability of death or injury to persons or property resulting from appellant's conduct was a primary consideration in the imposition of sentence. Thus, principles of prevention were considered in the sentencing decision.

In *Sanchez v. State,* supra, at 1138, we noted that the A.B.A. Standards, Sentencing Alternatives, § 2.5(c)(iii), justified total confinement if, "it would unduly depreciate the seriousness of the offense to impose a sentence other than total confinement." Here, the sentencing court felt that under the facts of this case innocent lives had been seriously threatened by appellant's conduct. *Jones v. State,* supra, at 381. This, coupled with the half-hearted efforts of appellant to seek proper treatment, presented the possibility that probation would unduly depreciate the seriousness of appellant's conduct.

According to the stipulation of counsel, the justice of the peace court at the sentencing hearing reviewed all of the evidence presented by appellant, including the evidence presented at the first hearing. The sentencing court explained the reasons for the sentence imposed, and the reasons probation was denied. It properly considered all circumstances and sentencing alternatives, including the circumstances of the crime, the rehabilitative needs and appellant's background.

The sentencing court considered the possibility of probation, and in the exercise of sound legal discretion denied probation as an alternative to incarceration. *Daniel v. State,* supra, at 172. Probation was not a

realistic alternative to incarceration, based upon the facts of this case. The court also considered appellant's other medical problems when the final sentence was imposed and expressly made allowance for future treatment and even provided for a possible suspension of sentence if appellant obtained medical treatment. There was no abuse of discretion.

## II

In appellant's second assignment of error he stated the following:

"If this Court finds that there was abuse of discretion and/or a patently unconscionable sentence imposed under the facts and circumstances of this case in the lower court as we respectfully submit, then it follows that the failure of the District Court to correct the sentence or to instruct the lower court to do so is reversible error."

We did not find error in the sentence imposed by the justice of the peace court. The district court properly affirmed.

## III

After oral argument in this court appellant made an application that the court consider the additional issue of whether the lower court could impose both a fine and jail sentence under the authority of § 31–5–233(d), W.S.1977 (Cum.Supp.1981). Because appellant raised what he perceived to be a jurisdictional issue, we granted the State permission to respond by brief to appellant's application.

We conclude that there was no jurisdictional infirmity in the sentencing below. We decline, therefore, to address the alleged issue raised for the first time in this court except to note that § 31–5–233(d), W.S.1977 (Cum.Supp.1981), specifically provided for either a fine or imprisonment or both.[3]

Affirmed.

---

**3.** In his brief on the additional issue appellant misquoted the applicable statute. The major portion of the State's brief, in response to appellant's application to raise an additional issue, lectured this court on the propriety of considering appellant's application. The State

ROSE, Justice, specially concurring.

I concur in the result reached by the majority, but in doing so, I feel the need to remind the court of the position I expressed in my concurring opinions in *Schiekofsky v. State,* Wyo., 636 P.2d 1107, 1115–1117 (1981), and *Daniel v. State,* Wyo., 644 P.2d 172, 188 (1982).

The present case, like the others, exemplifies the need for this court to take a more active role in the review of sentences in all criminal matters. In my opinion, the standards previously proposed in the above-cited opinions would give guidance to all members of the judiciary who are burdened with the task of sentencing those convicted of a crime—from district judges to justices of the peace. This case was an appropriate vehicle for adoption of such standards, and I regret that we have once again refused to avail ourselves of the opportunity.

referred us to numerous cases and authorities that stand for the principle that issues not considered by the trial court should not be considered in the first instance on appeal. We are aware of these authorities. However, appellant attempted to raise a jurisdictional issue. The right to challenge jurisdiction over subject matter cannot be waived, and may be raised at any stage of the proceedings, by a party or sua sponte by the court. *Matter of Estate of Harrington,* Wyo., 648 P.2d 556 (1982); and *Hayes v. State,* Wyo., 599 P.2d 569 (1979). The fact that we found no jurisdictional infirmity in the sentencing has nothing to do with appellant's right to attempt to raise the issue for the first time on appeal.