STATE of Wyoming, ex rel. John L. HOKE, individually and as Assistant Public Defender, and Leonard D. Munker, individually and as Public Defender, and on behalf of the Public Defender's Office, Petitioners,

v.

Robert T. OWENS, Municipal Judge, in and for the City of Hanna, County of Carbon, State of Wyoming, and Michael N. Deegan, Municipal Judge in and for the City of Rawlins, County of Carbon, State of Wyoming, Respondents.

No. 86–199.

Supreme Court of Wyoming.

Feb. 18, 1987.

A.G. McClintock, Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Karen A. Byrne, Asst. Atty. Gen., for the State of Wyoming.

Leonard D. Munker, State Public Defender, for petitioners.

Steve D. Noecker, Rawlins City Atty., and Kermit C. Brown, Hanna Town Atty., for respondents.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

PER CURIAM.

### JUDGMENT THAT WRIT OF PROHIBITION ABSOLUTE ISSUE

This case came on before the court upon the court's Order Allowing Alternative Writ of Prohibition, the Alternative Writ of Prohibition, filed August 6, 1986; the Response to Order to Show Cause and Petition for Writ of Prohibition, filed on behalf of the Respondents on August 29, 1986; the Brief of Petitioners, filed on October 2, 1986; the Brief of the Attorney General, filed October 30, 1986; the Brief of Respondents filed November 10, 1986; and the oral arguments submitted on behalf of the Petitioners and Respondents, and the court having examined the file and record of the court, the pleadings including those alluded to above, and having considered the arguments of counsel finds that:

1. In 1977, the legislature enacted the Public Defender Act, which has been codified in §§ 7-1-107 through 7-1-121, W.S. 1977.

2. Section 7-1-108, W.S.1977, provides in pertinent part:

"(a) As used in this act:

"(i) 'Court of criminal jurisdiction' means any court having jurisdiction concerning a serious crime;

\* \* \* \* \* \*

"(v) 'Serious crime' means any felony or misdemeanor offense for which incarceration as a punishment is a practical possibility;"

\* \* \* "

3. A felony is defined in § 6-10-101, W.S.1977, as follows:

"Crimes which may be punished by death or imprisonment for more than one (1)

year are felonies. All other crimes are misdemeanors."

4. Section 6–10–103, W.S.1977, provides as follows:

"Unless a different penalty is prescribed by law, every crime declared to be a misdemeanor is punishable by imprisonment in the county jail for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both."

5. On June 12, 1986, the Judge of the Municipal Court of the City of Rawlins appointed John L. Hoke, Assistant Public Defender in the Office of the State Public Defender to represent the defendant Glenna Jean Burtis in the case of *City of Rawlins v. Glenna Jean Burtis,* Citation No. 23236, Docket No. 86–6–49.

6. On June 23, 1986, John L. Hoke, Assistant Public Defender, moved to withdraw from the representation of Glenna Jean Burtis in the case of *City of Rawlins v. Glenna Jean Burtis,* Citation No. 23236, Docket No. 86–6–49, and on June 25, 1986, the municipal judge denied this motion.

7. On June 12, 1986, Judge of the Municipal Court of the Town of Hanna appointed the public defender to represent Rocky Bowthorpe in the case of *Town of Hanna v. Rocky Bowthorpe,* Criminal Action No. 86–6–2–9.

8. On June 23, 1986, John L. Hoke, Assistant Public Defender, wrote to the Judge of the Municipal Court of the City of Hanna and refused to accept the appointment to represent Rocky Bowthorpe, and on June 29, 1986, the Judge of the Municipal Court of the City of Hanna entered an Order to Show Cause requiring John L. Hoke to appear and show cause why he should not be held in contempt of court.

9. The Municipal Judge of the City of Rawlins, the Honorable Michael N. Deegan, and the Municipal Judge of the Town of Hanna, the Honorable Robert T. Owens, continued to insist that John L. Hoke, Assistant Public Defender, represent these respective defendants, and the Petition for an Alternative Writ of Prohibition was presented to this court.

10. The charges against the defendants in both the City of Rawlins and the City of Hanna alleged violations of city ordinances.

11. Section 5–6–201, W.S.1977, Cum. Supp.1986, provides with respect to the jurisdiction of a municipal judge as follows:

"A municipal judge has exclusive jurisdiction over all violations of ordinances of the city. The municipal judge shall hear and determine violations of ordinances and may impose fines not exceeding seven hundred fifty dollars ($750.00), or imprisonment not exceeding six (6) months, or both, to which may be added costs. No change of venue shall be granted in any case arising under the ordinances of the city."

12. Section 5–6–301, W.S.1977, Cum. Supp.1986, provides with respect to a municipal judge in an incorporated town:

"(a) A person convicted before a municipal judge shall be fined and imprisoned as provided by ordinance. No fine shall exceed seven hundred fifty dollars ($750.00), and no imprisonment shall exceed six (6) months.

"(b) The municipal judge shall punish for contempt in the same manner as justices of the peace."

13. By its reference to felonies and misdemeanors in the definition of a serious crime in § 7–1–108, W.S.1977, the legislature of the State of Wyoming did not intend to include violations of city ordinances. This is made clear by the differentiation between the definitions of felony, the punishment of misdemeanors, and the jurisdiction to punish violations of municipal ordinances found in §§ 5–6–201, 5–6–301, 6–10–101, and 6–10–103, W.S.1977.

14. This legislative intention is confirmed by legislative history which demonstrates that prior to the adoption of the Wyoming Public Defender Act municipalities contributed to the expense of the operation of a defender system. Under the new statute that obligation no longer is imposed, and the funding furnished by the legislature of the State of Wyoming obvi-

ously was not intended to be adequate to provide for the services of the Public Defender in municipal courts.

15. A violation of a city ordinance is not a serious crime within the definitions of the Wyoming Public Defender Act, §§ 7-1-107 through 7-1-121, W.S.1977.

16. The Honorable Michael N. Deegan, Municipal Judge of the Municipal Court of the City of Rawlins, and the Honorable Robert T. Owens, Municipal Judge of the City of Hanna, were without authority to appoint the Public Defender to represent the defendants in their respective courts.

IT THEREFORE IS ORDERED that a writ of prohibition absolute restraining the Honorable Michael N. Deegan, Municipal Judge of the Municipal Court of the City of Rawlins, and the Honorable Robert T. Owens, Municipal Judge of the Municipal Court of the City of Hanna, from proceeding in any way to enforce their respective orders appointing the Public Defender to represent Glenna Jean Burtis in the Municipal Court of the City of Rawlins and Rocky Bowthorpe in the Municipal Court of the City of Hanna, and requiring said judges to permit the withdrawal of the Public Defender from representation of the said defendants shall issue; and it further is

ORDERED that the parties to this proceeding shall pay their own costs.