State Public Defender, Leonard
D. MUNKER, Petitioner,

v.

JUVENILE COURT, SEVENTH JUDI-
CIAL DISTRICT, and Honorable Dan
Spangler, Juvenile Court Judge, Re-
spondents.

No. 91–88.

Supreme Court of Wyoming.

Sept. 4, 1992.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender and Barbara L. Lauer, Asst. Public Defender, for petitioner.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT* and GOLDEN, JJ.

THOMAS, Justice.

The only question to be addressed in this case is whether the office of the Public Defender must pay the fees of a guardian *ad litem* appointed to protect the interests of a juvenile who is a party to a juvenile delinquency proceeding. The district court sitting as the juvenile court ordered the Public Defender to pay the fees of the guardian *ad litem* who was appointed, as well as additional fees incurred because of the attempt to recover the original fees. We hold the Public Defender had no responsibility for payment for the services of the guardian *ad litem*, and we order that the writ of prohibition filed in this case be made absolute.

In the brief filed in this proceeding, the Public Defender set forth this statement of the issues:

I. The Juvenile Court has no jurisdiction to order the State Public Defender to pay the fees of a properly appointed guardian *ad litem.*

II. The absolute writ of prohibition is the appropriate remedy to restrain enforcement of orders entered without jurisdiction.

These issues arose because the Public Defender, on February 6, 1990, filed a motion, in a juvenile proceeding in the trial court, urging the appointment of a guardian *ad litem* for the juvenile party to the proceedings. At that time, the juvenile was at the Wyoming State Hospital for an evaluation in the course of those proceedings, and it was apparent that the juvenile's mother was not the appropriate person to look out for the best interests of the child. At best, the mother was subject to external factors that interfered with her

---

* Chief Justice at oral argument.

competency to maintain the best interests of the child, and it appears to be even more likely that her interests were adverse to those of the child. The motion by the Public Defender was denied but, later, this court issued an order requiring an additional detention hearing for the juvenile. After the Public Defender renewed the motion for the appointment of a guardian *ad litem*, the district court made that appointment by an order entered on March 6, 1990. That appointment was reconfirmed after additional hearings were held in the juvenile matter by an order entered on May 4, 1990.

In January, 1991, the guardian *ad litem* applied to the Public Defender for payment of the fees that were due. In a response, dated January 14, 1991, the Office of the Public Defender advised it would not pay the fees because there was no provision made in the budget of the Public Defender for payment of such fees and because no statutory provision imposed that obligation upon the Public Defender. The application for payment was again submitted to the Public Defender and payment again was refused. The district court, on March 7, 1991, entered an order in the juvenile proceeding directing the Public Defender to pay the fees sought, as well as additional fees attributable to the attempt to recover the original fees. On March 21, 1991, the Public Defender sought an order vacating the order requiring it to pay the guardian *ad litem*, but that motion was denied by the district court. In its order on the motion, entered on March 26, 1991, the court stated that, "the Guardian *Ad Litem* was appointed only upon the representation of the State Public Defender that the fees would be paid by his office, and that a Guardian *Ad Litem* would not have been appointed otherwise." The office of the Public Defender filed a Petition for Writ of Prohibition in this court on April 17, 1991.

Pursuant to that petition, an Order Granting Alternative Writ of Prohibition was entered by this court on April 25, 1991. That order inhibited the district court from further proceedings in the juvenile matter until further order of this court. The Public Defender then filed a brief in this court on July 30, 1991. No brief was filed by the respondents.

There is a prospect for confusion in the statutory references with respect to the payment of the fees of a guardian *ad litem* that initially could lead to difficulty in determining the responsibility for payment. For example, Wyo.Stat. § 7–6–109 (1987) provides:

(a) Nothing in this act shall prevent a court on its own motion or upon application by the state public defender or by the individual defendant, from appointing an attorney other than the public defender to represent the defendant or to assist in the representation of the defendant at any stage of the proceedings or on appeal.

(b) If a court assigns an attorney to represent a needy person, it may recommend a reasonable rate of compensation for his services and shall determine the direct expenses for which he should be reimbursed. The state public defender shall consider the court's recommendation and the customary compensation as prescribed by the standard fee schedule promulgated pursuant to W.S. 7–6–103(c)(vi), and shall pay the appointed attorney for his services when the case for which he was appointed is concluded.

(c) An attorney appointed under subsection (b) of this section shall be compensated for his services with regard to the complexity of the issues, the time involved, prevailing local fees of attorneys, the amount reasonably necessary to provide a defense as is required by constitutional process and other relevant considerations as determined by the court.

This provision is followed by Wyo.Stat. § 7–6–112 (1987), which provides that the Public Defender Act does *not* apply to "[m]atters arising out of an action pending in the juvenile courts of this state unless it is in a juvenile delinquency proceeding." In this instance, the juvenile party was charged with delinquency by an allegation that she had committed attempted first degree murder.

If we look to the fact that the application for guardian *ad litem* was filed pursuant to Wyo.Stat. § 14–6–216 (1986), we discover that the pertinent statutory language reads:

> The court shall appoint a guardian *ad litem* for a child who is a party to proceedings under this act if the child has no parent, guardian or custodian appearing in his behalf or if the interests of the parents, guardian or custodian are adverse to the best interest of the child. A party to the proceeding or employee or representative thereof shall not be appointed guardian *ad litem* for the child.

In this instance, the guardian *ad litem* was appointed because the interests of the juvenile party's mother were adverse to the interests of the juvenile party.

We then turn to the provisions of Wyo. Stat. § 14–6–235 (1986), which provide:

> (a) There is no fee for filing a petition under this act nor shall any state, county or local law enforcement officer charge a fee for service of process under this act. Witness fees, juror fees and travel expenses in the amounts allowable by law may be paid to persons other than the parties who are subpoenaed or required to appear at any hearing pursuant to this act.
>
> (b) The following costs and expenses, when approved and certified by the court to the county treasurer, shall be a charge upon the funds of the county where the proceedings are held and shall be paid by the board of county commissioners of that county [emphasis added]:
>
> (i) Witness fees and travel expense;
>
> (ii) Jury fees, costs and travel expense;
>
> (iii) Costs of service of process or notice by certified mail;
>
> (iv) Costs of any physical or mental examinations or treatment ordered by the court;
>
> (v) Reasonable compensation for services and costs of counsel appointed by the court;
>
> (vi) Reasonable compensation for services and costs of a guardian *ad litem* appointed by the court [emphasis added]; and

> (vii) Any other costs of the proceedings which would be assessable as costs in the district court.
>
> (c) Legal services rendered to a child for his benefit and protection are necessities which the child's parents or any person obligated by law for the child's support may be held responsible. The court may order that all or any part of the costs and expenses enumerated in subsection (b) of this section except jury fees, costs and travel expenses, be reimbursed to the county by the child, his parents or any person legally obligated for his support, or any of them jointly and severally, upon terms the court may direct. An order for reimbursement of costs made pursuant to this subsection may be enforced as provided in W.S. 14–6–236.

When these statutes are read in *pari materia*, as our rules of construction provide they must be, it is clear that the Public Defender's obligation was to provide primary legal representation with respect to the allegation of juvenile delinquency. *See B & W Glass, Inc. v. Weather Shield Mfg., Inc.*, 829 P.2d 809 (Wyo.1992); *Stauffer Chemical Co. v. Curry*, 778 P.2d 1083 (Wyo.1989). It is clear, in addition, that this is an instance in which the guardian *ad litem* was appointed pursuant to § 14–6–216, and not to provide additional representation on the delinquency allegation pursuant to § 7–6–109. The correct application of the applicable statutes leads to the conclusion the obligation to pay the guardian *ad litem* fees belonged to Natrona County, not to the Public Defender.

Our conclusion in this case is consistent with the resolution of *Hayes v. State*, 599 P.2d 569 (Wyo.1979). In that instance, the responsibility of the Public Defender to pay the fees and expenses of a private attorney appointed to represent a criminal defendant was resolved by the issuance of an order in the criminal proceeding that the voucher to the county be paid by the Public Defender. There, we concluded the court had no jurisdiction in the criminal proceeding to consider the issue of responsibility for attorney fees and expenses as between the county

and the Public Defender. The same proposition might well be true in this instance but, instead of taking an appeal, the Public Defender has attacked the authority of the trial court by a Petition for Writ of Prohibition. Consequently, the merits are directly raised, and we dispose of them.

The Alternative Writ of Prohibition in this case is made absolute, and the district court is ordered to desist from further actions directed at requiring the Public Defender to pay the fees of the guardian *ad litem* appointed for the juvenile party in the proceeding.