Vernon PAGE, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 96–187.

Supreme Court of Wyoming.

Dec. 18, 1997.

Sylvia L. Hackl, State Public Defender; Deborah Cornia, Assistant Appellate Counsel; and Donna Domonkos, Assistant Appellate Counsel, Cheyenne, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Lori L. Gorseth, Senior Assistant Attorney General, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

TAYLOR, Chief Justice.

After approximately six years of imprisonment at the Wyoming State Penitentiary, appellant exhibited behavior consistent with, and was diagnosed as suffering from, schizophrenia. Upon recommendation of penitentiary medical personnel, and after a hearing before the district court, appellant was transferred from the penitentiary to the Wyoming State Hospital. We affirm.

## I. ISSUES

Appellant, Vernon Page (Page), raises three issues:

*Issue I*

Was the removal of an allegedly schizophrenic inmate from the Wyoming State Penitentiary to the Wyoming State Hospital * * * an involuntary commitment pursuant to W.S. § 25–10–110?

*Issue II*

Was the transfer of the appellant from the Wyoming State Penitentiary to the Wyoming State Hospital supported by clear

and convincing evidence as required by W.S. § 25–10–118(c)?

*Issue III*

Does the Public Defender Act apply to W.S. § 25–10–114 regarding transfers of inmates from the Wyoming State Penitentiary to the Wyoming State Hospital?

Appellee, State of Wyoming, phrases the issues as:

I. Whether the transfer of appellant from the State Penitentiary to the State Hospital pursuant to Wyo. Stat. § 25–10–114 was an involuntary commitment.

II. Whether there existed clear and convincing evidence to support the transfer of appellant from the State Penitentiary to the State Hospital.

III. Whether the argument that the Public Defender's office should not have been appointed to represent appellant in the transfer proceeding should be considered in this appeal.

## II. FACTS

On December 18, 1989, Page pled guilty to one count of aggravated burglary, one count of aggravated assault, and three counts of burglary. He was sentenced to consecutive terms of ten to twenty years for aggravated burglary and five to ten years for aggravated assault. Page was also sentenced to concurrent terms of five to ten years for each burglary count, to run concurrently with the sentences for aggravated burglary and aggravated assault. At the time of his incarceration, Page was given a Minnesota Multiphasic Personality Inventory (MMPI) which indicated he suffered from the early stages of schizophrenia and that his condition could deteriorate with time.

In February of 1996, Dr. Timothy North–Shea, Director of Mental Health Services for the Department of Corrections, conducted a second MMPI. The results of this examination in addition to Page's increasingly bizarre behavior, led to a diagnosis of schizophrenia. Dr. North–Shea and Dr. Paul R. Long, Medical Director of the Wyoming State Penitentiary, wrote separate letters to Warden Jim Ferguson recommending a transfer of Page to the State Hospital.

Warden Ferguson initiated transfer proceedings pursuant to Wyo. Stat. § 25–10–114 (1997). Page filed an objection to the transfer pursuant to Wyo. Stat. § 25–10–118 (1997), and requested a hearing and the appointment of counsel to represent him. Appointed to represent Page, the Public Defender's office moved to quash the appointment. This motion was denied, and a Public Defender appeared to represent Page at the hearing on April 4, 1996.

The only evidence presented at the transfer hearing was the testimony of Dr. Long and Dr. North–Shea. Dr. Long testified that he had talked with Page, who admitted having "disordered behavior, that he has had hallucinations, and that he knows he laughs inappropriately at times." Dr. Long also testified that Page made inappropriate noises and exhibited "chronic tick-like [sic] movements * * *." Dr. Long agreed with Dr. North–Shea's diagnosis of chronic undifferentiated schizophrenia, and stated that Page's behavior could lead to violence against him by the more aggressive inmate population. Dr. Long opined that the State Penitentiary is incapable of providing the individual, long-term treatment Page needs.

Dr. North–Shea testified that he is unable to provide the treatment Page needs within the prison setting and indicated that individual therapy, group therapy with other people who also suffer from the illness, family therapy, and medication are the components of treatment most beneficial to Page. Dr. North–Shea further stated that he has visited the State Hospital and believes it the best placement available for Page. The doctor described the State Hospital as equipped with a secure lock-up facility that can keep Page incarcerated, while providing him better security from attacks by other inmates. Dr. North–Shea expressed his hope that Page could finish his sentence at the State Hospital and be discharged into the community from there; in the meantime allowing Page long term treatment while still remaining incarcerated.

Based upon the evidence presented, the district court found by clear and convincing

evidence that Page should be transferred to the State Hospital. The district court specifically found that Page is a danger to himself and others, and that he is in danger because of inmates who may react violently to him at the State Penitentiary. The district court also found that Page could not receive adequate treatment for his mental illness at the State Penitentiary.

## III. STANDARD OF REVIEW

█ It is the district court that must be satisfied that there was clear and convincing evidence to justify Page's transfer. *See* Wyo. Stat. § 25–10–118. So long as there is sufficient evidence upon which the district court could rationally base its findings, such findings will not be adjusted in any way by the appellate court. *Thomasi v. Koch,* 660 P.2d 806, 811 (Wyo.1983) (*citing Palmeno v. Cashen,* 627 P.2d 163 (Wyo.1981) and *Madrid v. Norton,* 596 P.2d 1108 (Wyo.1979)).

## IV. DISCUSSION

### A. TRANSFER TO THE STATE HOSPITAL

█ Page first argues that his transfer proceeding was actually an involuntary commitment. Page appears to be arguing that, since his illness is not curable, his transfer to the State Hospital will not end when his sentence is completed; therefore, the action should have been brought pursuant to Wyo. Stat. § 25–10–110 (1997).

The expert witnesses testified that Page's schizophrenia will not be cured. However, there is no evidence that Page will not be released from incarceration after serving his sentence. To the contrary, Dr. North–Shea anticipates release of Page into the community at the end of Page's sentence. He clearly testified that Page's illness can be managed and does not necessarily equate to lifetime institutionalization. This action is, and has always been, a proceeding to transfer Page to a state facility that can better serve his needs while he serves his sentence. Should the experts believe that he continues to be a danger to himself and others at the time his sentence ends, additional proceedings pursuant to Wyo. Stat. § 25–10–110 may be warranted.

█ Page next argues that there is insufficient evidence upon which to base a finding that transfer to the State Hospital was justified. Transfer of an inmate to the State Hospital is justified if he is mentally ill and the penal institution cannot provide adequate treatment. Wyo. Stat. § 25–10–114(a). Wyo. Stat. § 25–10–118(c) requires the district court to hold a hearing on the transfer, and to find by clear and convincing evidence that transfer to the State Hospital is justified.

The evidence presented to the district court consisted of the letters and testimony of two experts. The district court specifically found that this evidence clearly and convincingly justified Page's transfer. Having reviewed the record presented to us, we agree that sufficient evidence supports this finding. Accordingly, Page's transfer to the State Hospital is affirmed.

### B. APPOINTMENT OF THE PUBLIC DEFENDER

█ The State Public Defender's office contends that it should not have been appointed to represent Page in this matter because it is outside the scope of the Public Defender Act, Wyo. Stat. §§ 7–6–101 through 7–6–114 (1997). However, the Public Defender is not a party to this case and does not have standing to raise the issue in this proceeding. While the scope of the Public Defender Act is certainly of concern to the State Public Defender, it should be raised in an independent action. *See Munker v. Juvenile Court, Seventh Judicial Dist.,* 837 P.2d 676 (Wyo.1992) and *State ex rel. Hoke v. Owens,* 733 P.2d 240 (Wyo.1987).

## V. CONCLUSION

The district court's finding that Page should be transferred from the State Penitentiary to the State Hospital for the duration of his sentence is affirmed.