CLYDE G. IBSEN, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 5971

July 2, 1970
471 P.2d 229

*R. C. Bennett,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, and *William Macdonald,* District Attorney, Humboldt County, for Respondent.

**OPINION**

By the Court, Collins, C. J.:

On December 15, 1965, appellant was convicted of first degree murder in the death of Delbert Howard and was sentenced to life imprisonment without possibility of parole. In an appeal from that conviction, this court set it aside and ordered a new trial because the justice of the peace failed to secure appointment of counsel for him following a timely request. Ibsen v. State, 83 Nev. 42, 422 P.2d 543 (1967).

Following that reversal, appellant was recharged with the same crime, returned to Humboldt County where he there pleaded guilty to second degree murder and was resentenced by the trial judge to an indeterminate sentence of not less than 10 nor more than 20 years. While the possible sentence for second degree murder was 10 years to life, the trial judge gave no specific reason why the lesser sentence of 10 to 20 years was imposed.

At the time of the commencement of the resentence of 10 to 20 years, appellant had served the following periods in confinement, commencing with his arrest in Florida and return to Nevada:

(a) July 20, 1965, until December 15, 1965. This is the period following arrest in Florida, return to Nevada, preliminary proceedings in the justice of the peace court, and trial in the district court.

(b) December 23, 1965, until February 28, 1967. This is the period of time spent by appellant in the Nevada State Penitentiary under the first conviction until it was set aside and a new trial ordered.

(c) February 28, 1967, until May 3, 1967. This is the period of time appellant spent in the Humboldt County jail following reversal of his first conviction until he was resentenced and returned to the state penitentiary under the 10–20 year second degree murder conviction.

In August, 1968, appellant commenced a post-conviction proceeding seeking credit on his 10–20 year resentence for all three periods of time mentioned above. Pursuant to the mandate of the United States Supreme Court in North Carolina v. Pearce, 395 U.S. 711 (1969), and under the authority of

Summers v. Warden, 84 Nev. 326, 440 P.2d 388 (1968), the trial court granted him credit for period (b) described above, the time spent in prison under the first sentence, but refused to grant credit for periods (a) and (c). It is from that refusal this appeal is taken.

1. There is no constitutional mandate from the United States Supreme Court requiring that we grant such credits. Pearce requires, "that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." 395 U.S. at 718–19. That was done here, and our federal constitutional obligation ends.

2. The state, through its appropriate agents, the police and the prosecutor, is entitled to a reasonable amount of time to accomplish its constitutional processes of bringing to justice persons who are accused of violating the law. We should not disregard the difficulties attendant upon detection of crime, investigation of those suspected of complicity, arrest, arraignment, determination of probable cause, marshaling of admissible testimony and evidence, trial and sentencing. Those demanding and difficult functions, surrounded as they now are with multiple constitutional protections, cannot be done in the twinkling of an eye. Oftentimes, the defendant or his counsel, seeking some benefit or advantage, precipitate and bring about delay in those procedures. Thus, it does not appear equitable to look at the situation only through the eyes of a defendant, especially if he is finally determined to be guilty. The person who really suffers from the type of incarceration described in (a) and (c) is the one who is ultimately found not guilty. As the High Court said, "If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him." North Carolina v. Pearce, supra, at 719.

3. The police and prosecutor are now obligated by law to act, insofar as an accused person is concerned, within certain specific time limits. For instance, NRS 171.178 provides that a person when arrested is to be taken before the nearest available magistrate "without unnecessary delay"; NRS 171.196(2) requires a preliminary examination to be held within 15 days after the accused has made his first appearance before a magistrate; NRS 173.035(3) requires an information to be filed within 15 days after the preliminary examination; and NRS 178.556 provides for dismissal if the defendant is not brought to trial within 60 days following the filing of the indictment or information. See Note, Nevada's 1967 Criminal Procedure Law from Arrest to Trial: One State's Response to a Widely Recognized Need, 1969 Utah L.Rev. 520, 527–30, 534–35, 541–43. Additionally, both the United States Supreme Court

and this court have given significant meaning to the right of a defendant to a speedy trial.[1]

4.   No courts considering a request for credit of the type described in (a) and (c) above have found a defendant entitled to credit as a matter of right in the absence of a statute either permitting or requiring the giving of such credit. In Williams v. State, 234 A.2d 260 (Md.Ct.Spec.App. 1967), denial of credit for pre-conviction confinement was upheld with the comment that the court knew of no law requiring the giving of such credit. In Holcombe v. State, 448 S.W.2d 493 (Tex. Crim.App. 1970), the lower court had exercised its statutory power to grant or deny credit for pre-conviction confinement and denied credit. Its exercise of discretion was upheld on appeal with the comment that the appellate court had no power to grant the credit. In State v. Virgil, 172 S.E.2d 28 (N.C. 1970), it was held that a defendant was not entitled as a matter of right to credit for jail time and the statute allowing credit for previous sentences only authorized credit for "time served."

When the granting of credit has been upheld, or credit has been granted on appeal, it has been because credit was allowed by statute. People v. Cox, 255 N.E.2d 208 (Ill.App. 1970); Marsh v. Henderson, 424 S.W.2d 193 (Tenn. 1968); People v. Havey, 160 N.W.2d 629 (Mich. Ct. of App. 1968).

In Gross v. Sarver, 307 F.Supp. 1105 (E.D. Ark. 1970), it was held that credit of this type was a matter of state law and that no federal question was involved.

In United States v. Whitfield, 411 F.2d 545 (8th Cir. 1969), it was held that the federal law requiring credit be given for days spent in custody before sentencing was not retroactive and applied only to those sentenced after the law took effect. Accord Smith v. United States, 413 F.2d 975 (10th Cir. 1969). In Dunn v. United States, 376 F.2d 191 (4th Cir. 1967), and Stapf v. United States, 367 F.2d 326 (D.C. Cir. 1966), it was held there could be no discrimination

---

[1]Smith v. Hooey, 393 U.S. 374 (1969) (Right of defendant incarcerated in another jurisdiction to demand a speedy trial.); Klopfer v. North Carolina, 386 U.S. 213 (1967) (Sixth Amendment right to speedy trial applicable against the states through the Fourteenth Amendment.); Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970) (Defendants cannot be charged in a second complaint where the first complaint is dismissed for failure to hold a preliminary hearing within the statutory 15-day period following the first appearance before a magistrate.); State v. Erenyi, 85 Nev. 285, 454 P.2d 101 (1969) (Right of defendant incarcerated in another jurisdiction to demand a speedy trial.); In re Morris, 78 Nev. 123, 369 P.2d 456 (1962) (Failure to commence trial within statutory 60-day period following arraignment absent a showing of good cause requires dismissal of indictment or information.).

between classes of prisoners in the granting of credit for presentencing custody. The implication is that no credit need be given, but if credit is given, it cannot be withheld from defendants solely on the basis of the class of crime committed.

In U.S. v. Hamilton, 300 F.Supp. 728 (E.D.N.C. 1969), and U.S. v. Thomas, 300 F.Supp. 1201 (S.D.N.Y. 1969), it was held that it would be unconstitutional to deny credit to juveniles where it was granted to adults under a federal statute.

5. We have no statute in Nevada granting the type of credit sought by appellant and described in (a) and (c) above. NRS 176.335(3) provides: "The term of imprisonment designated in the judgment shall begin on the date of sentence of the prisoner by the court."

Where imprisonment in the county jail is imposed, the legislature has given courts discretion to grant credit upon that sentence for the amount of time actually spent by the defendant in confinement prior to conviction. See NRS 176.055. Perhaps it was an oversight not to allow a similar discretion to courts where the imprisonment is in the state penitentiary. The legislature, by having the discrepancy called to their attention may care to remedy it.

The judgment of the lower court is affirmed.

ZENOFF, BATJER, and MOWBRAY, JJ., concur.

THOMPSON, J., dissenting:

One convicted of a public offense should be granted credit for time served in jail prior to conviction and for time spent in jail between his release from prison and the imposition of a new sentence. Fairness points inevitably to this conclusion. An accused is presumed innocent until proven guilty. When credit is not allowed this presumption is given a diminished significance. Moreover, he is constitutionally entitled to release on bail except when charged with a capital offense where the proof is evident or the presumption great. Nev. Const. art. 1, § 7; Ex parte Wheeler, 81 Nev. 495, 406 P.2d 713 (1965). A failure to grant credit invidiously discriminates between those who can furnish bail and those who cannot. Cf. Griffin v. Illinois, 351 U.S. 12 (1956); Anders v. California, 386 U.S. 738 (1967). Pretrial freedom accommodates the presumption of innocence and prevents the infliction of punishment before guilt is established. These fundamental concepts are denied when credit is refused.

Today's opinion suggests that if credit is to be given the legislature must be the donor; that the court cannot be concerned since neither our state nor the federal constitution bears

upon the problem. That contention was presented in Summers v. Warden, 84 Nev. 326, 440 P.2d 388 (1968), and rejected by this court. It should be rejected once more in this case. The issue is one of constitutional dimension. We need not await legislative action.

In Summers, supra, we ruled that the due process and equal protection clauses of the federal constitution and the due process clause of our state constitution require that a prisoner serving a valid sentence be given credit for time served under a prior void conviction based upon the same acts. Although the credit sought in the Summers case has been given this appellant, the full benefit of the reasoning underlying that decision has been denied him. His confinement, all of it, has been by reason of the offense for which he is now serving sentence. Every moment of that confinement is punishment for that offense. Any other view is unrealistic and denies the truth. This was the essence of Summers, and it applies with equal force to the present case.[1]

---

[1] A distinguished committee of the American Bar Association on Minimal Standards for Criminal Justice recommends:

"(a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed.

"(b) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody under a prior sentence if he is later re-prosecuted and re-sentenced for the same offense or for another offense based on the same conduct. In the case of such a re-prosecution, this should include credit in accordance with subsection (a) for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same conduct.

"(c) If a defendant is serving multiple sentences, and if one of the sentences is set aside as a result of direct or collateral attack, credit against the maximum term and any minimum term of the remaining sentences should be given for all time served since the commission of the offenses on which the sentences were based.

"(d) If the defendant is arrested on one charge and later prosecuted on another charge growing out of conduct which occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution should be given for all time spent in custody under the former charge which has not been credited against another sentence." Sec. 3.6, p. 186–187, Tentative Draft-Standards Relating to Sentencing Alternatives and Procedures (December 1967).