**The STATE of Utah, Plaintiff and Respondent,**

v.

**Charles Albert WINNING, Defendant and Appellant.**

**No. 13835.**

Supreme Court of Utah.

Feb. 14, 1975.

————————

Jack W. Kunkler, Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

On the 26th day of November, 1973, the defendant was charged with the theft of an automobile, a felony of the second degree. Defendant was arrested on June 11, 1974, and booked in the county jail. Defendant, being unable to secure bail, remained in jail until August 30, 1974.

After a plea-bargaining session between the prosecutor and defense counsel, defendant was permitted to enter a plea of guilty to a lesser included offense of a Class A misdemeanor. Defendant waived time for the pronouncement of sentence and the court sentenced him to be incarcer-

1. 95 U.S.App.D.C. 390, 222 F.2d 556.

2. United States v. Saldana (10th Cir.) 453 F.2d 352.

ated in the county jail for a period of one year. At the time of sentencing the defendant requested the court that he be granted credit for the time he was confined awaiting disposition of his case. The court refused to grant credit for the time served, and defendant has appealed the sentence to this court.

Defendant relies upon the ruling of the United States Supreme Court in the case of North Carolina v. Pearce.[1] That case dealt with a different situation than we have here. In that case the defendant had been convicted and sentenced to a term of imprisonment, and some years later he appealed and his conviction was reversed and the case remanded for a new trial. Defendant was found guilty at the second trial and again sentenced to a term of imprisonment. The second sentence when added to the time the defendant had served under the first sentence exceeded the maximum imprisonment provided for by the statute. The court ruled that the defendant in that case was entitled to credit for the time served under the first sentence. In the case before us, the defendant was awaiting trial and disposition of his case rather than undergoing punishment.

In the case before us it appears that the judge of the district court who pronounced judgment was aware of the fact that the defendant had been in jail awaiting trial from June 11, 1974, until August 30, 1974. The judge was also aware of defendant's background and prior convictions. We are of the opinion that the sentence pronounced was within the sound discretion of the court and the court did not abuse its discretion in pronouncing the sentence that it did.[2] The judgment of the court below is affirmed.

HENRIOD, C. J., and CROCKETT, ELLETT and MAUGHAN, JJ., concur.

1. 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

2. State v. Jaramillo, 25 Utah 2d 328, 481 P. 2d 394.