John H. HUGHES *v.* STATE of Arkansas

CR 76-72                                                540 S.W. 2d 592

Opinion delivered September 20, 1976

*Don Langston,* Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Charged with first-degree murder in the shooting of Jason Crutchfield, the appellant was found guilty of second-degree murder and received the maximum sentence, 21 years. His principal argument for

reversal is that the court should have submitted the issue of self-defense to the jury.

The court was right in refusing to submit that issue. We find no substantial evidence from which the jury could have found that Hughes acted in self-defense. According to the State's eyewitnesses, the homicide occurred in a pool hall, during the daytime. Hughes was the aggressor, accusing Crutchfield of being "one of them smart ones." Crutchfield was unarmed and was making no hostile demonstration that might have caused Hughes to be fearful for his own life. According to the proof, Hughes held a pistol some two or three inches from Crutchfield's chest and shot with little or no provocation.

Hughes elected not to testify. His theory of self-defense rests principally upon his own out-of-court statements, which were introduced by the State as part of its case in chief. Immediately after the homicide Hughes fled from the state and was eventually apprehended in Alaska. The State showed that in the course of his flight Hughes admitted to witnesses that he had shot Crutchfield, but he further stated that he was only trying to scare him and that he thought Crutchfield had a gun. There is, however, nothing whatever in the testimony to warrant the jury in finding that Hughes had any reason to believe that Crutchfield, even if he had been armed, had any intention of inflicting bodily harm upon Hughes. There is also testimony that some sort of argument took place between the two men. Needless to say, one who engages in an argument with another person is not entitled to kill his adversary merely because he thinks him to have a gun. Yet here the proof stops at that point and consequently falls short of presenting a submissible issue of self-defense.

The appellant is correct, however, in asking that he be given credit for pretrial jail time. The State admits that when a defendant receives the maximum sentence, as here, he is entitled to credit for pretrial jail time that was attributable solely to his inability to make bail, owing to indigency. *Smith* v. *State*, 256 Ark. 425, 508 S.W. 2d 54 (1974). That is the situation here with regard to the appellant's pretrial confinement in Arkansas from September 28, 1975, until January 30, 1976. Credit must be given for that period. On the other

hand, from August 1 until September 28 Hughes was confined in Alaska, as a fugitive from justice awaiting transportation back to Arkansas. That delay was obviously attributable not to his inability to make bond but to his having fled from Arkansas to Alaska. Consequently no credit should be given for those 58 days.

The judgment, as so modified, is affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and JONES, JJ.