**Ralph Douglas JONES, Appellant (Defendant below),**

v.

**The STATE of Wyoming, Appellee (Plaintiff below).**

**No. 5148.**

Supreme Court of Wyoming.

Nov. 14, 1979.

Richard H. Honaker, Wyoming Public Defender, Cheyenne, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Richard Scott Rideout, Asst. Atty. Gen., Cheyenne, for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This appeal from a criminal conviction and sentence (six to eight years in the Wyoming State Penitentiary for burglary in violation of § 6–7–201(a), W.S.1977) presents two questions: (1) Did the trial court, under the facts of this case, err in failing to credit appellant with time served prior to his sentencing?, and (2) Did the trial court abuse its discretion in denying appellant probation? We will affirm.

## CREDIT FOR TIME SERVED PRIOR TO SENTENCING

### The Facts

Appellant was charged by information with burglary and arson on September 29, 1977, and was released on bail. On or about February 22, 1978, appellant Jones violated the terms of his bail by leaving Wyoming, whereupon a bench warrant was issued and appellant was apprehended and incarcerated on May 28, 1978. A trial was ultimately had and the appellant was acquitted of arson but was convicted of burglary. On March 29, 1979, the trial judge pronounced a six-year to eight-year sentence, and, in explaining the sentence to the appellant, the judge stated that he had taken into consideration the fact that appellant had violated the conditions of his bail.

After the judge had finished explaining his sentence, the defense counsel informed the judge that Mr. Jones had spent approxi-

mately ten months in jail prior to sentencing and asked that he be given credit for the time served. The prosecutor objected on the grounds that, "It was Mr. Jones' conduct which caused the problem in this case."

The judge agreed with the prosecutor, and the transcript indicates that the court felt that appellant's departure from the state in violation of the bail agreement was the blameworthy conduct justifying denial of credit for time served prior to sentencing.

It is important to note that the legislature authorized the trial judge to sentence appellant to "not more than fourteen (14) years" imprisonment. Section 6–7–201(a), supra.

Finally, we think it clear that the appellant's pre-sentence custody resulted from his violation of the original bail agreement, not his inability to obtain bail due to indigency.

*Discussion*

Appellant claims that the trial judge's failure to credit his pre-sentence detention time in determining the sentence was improper, as well as a violation of appellant's state and federal constitutional rights.

This appears to be a case of first impression in Wyoming. Unlike many other states, Wyoming has no statute governing the matter. E.g., § 43–2813, Ark.Stat. Ann., 1975 Supp., specifically vests discretion to deny or grant such credit in the sentencing judge (explained in *Campbell v. State*, Ark., 576 S.W.2d 938 (1979); and § 46–18–403 Mont.Code.Ann., 1978, grants such credit as a matter of right if the offense involved is bailable (applied in *Murphy v. State*, Mont., 592 P.2d 935 (1979)).

▮ To evaluate appellant's contentions, we must look to general constitutional law, as well as to the case law of those jurisdictions in which a statute does not mandate that pre-sentence custody be credited against the eventual sentence. The only United States Supreme Court case cited to us by appellant is *Tate v. Short*, 401 U.S.

395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). That case involved a successful equal-protection challenge to a Texas statutory scheme which provided that certain traffic offenses were punishable only by a fine, except that persons unable to pay the fine would be imprisoned one day for each five dollars of the fine. A somewhat analogous case is *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). We think that the Arizona Court of Appeals was correct in concluding that this authority requires credit for pre-sentence detention only "if the defendant is incarcerated simply because of his inability to make bail due to indigency." *State v. Prevost*, 118 Ariz. 100, 574 P.2d 1319, 1323 (1977), review and rehearing denied, 1978. This conclusion was recently cited with approval by the Arizona Supreme Court. *State v. Gray*, 122 Ariz. 445, 595 P.2d 990, 994 (1979), rehearing denied, 1979. See, also, *People v. Martinez*, Colo., 559 P.2d 228, 229 (1977); *Ibsen v. Warden, Nevada State Prison*, 86 Nev. 540, 471 P.2d 229 (1970); *State v. Winning*, Utah, 531 P.2d 1302, 1303 (1975); *State v. Virgil*, 276 N.C. 217, 172 S.E.2d 28 (1970); *Smith v. State*, 256 Ark. 425, 508 S.W.2d 54 (1974); and *Caraway v. State*, Tex.Cr.App., 550 S.W.2d 699 (1977). Since we conclude that appellant's pre-sentence detention was not due to his indigency, we do not agree that he had a federal constitutional right to credit for his pre-sentence custody. Appellant's claim that the Wyoming Constitution requires credit for pre-sentence detention is not adequately argued and we will not consider it. *Satterfield v. Sunny Day Resources*, Wyo., 581 P.2d 1386 (1978).

▮ The law in Wyoming is that the sentencing judge is given wide discretion in determining the length and conditions of the term of imprisonment to be imposed upon conviction and that such determination, if within the statutory limits, will not be disturbed absent a clear abuse of discretion. *Smith v. State*, Wyo., 564 P.2d 1194, 1202 (1977); and *Daellenbach v. State*, Wyo., 562 P.2d 679, 683 (1977). We are aware of a modern tendency of some reviewing courts to more carefully circum-

scribe the discretion of trial judges or juries in determining prison sentences. E.g., *Black v. State*, Alaska, 569 P.2d 804, 805 (1977), in which the Supreme Court of Alaska approved the American Bar Association's recommendation that a maximum prison term exceed five years only in cases involving particularly serious offenses or especially dangerous offenders; and *Rogers v. Britton*, 476 F.Supp. 1036, 26 Cr.L.Rptr. 2048 (E.D.Ark.1979), in which a federal district court held unconstitutional a state sentence of life imprisonment for rape given by a jury without sentencing standards. But cf., *Gray*, supra, in which the court held a 50 to 60 year sentence for statutory rape to be within the proper discretion of the trial judge. Nothing in the treatment of this appellant by the sentencing judge appears so outrageously harsh that we feel compelled to re-evaluate our own precedent dealing with the sentencing discretion of the trial judge in light of evolving interpretations of the Eighth and Fourteenth Amendments to the Federal Constitution, or in light of Sections 14 and 15 of Article 1, of our own constitution.

The law in jurisdictions which lack a statute governing credit for pre-sentence detention appears to be predominantly that the trial judge has discretion to award or deny credit for time spent in pre-sentence detention. *Hughes v. State*, 260 Ark. 399–A, 540 S.W.2d 592 (1976); *Winning*, supra; *Ibsen*, supra; *Gray*, supra; and *Williams v. State*, 2 Md.App. 170, 234 A.2d 260 (1967), cert. den. 392 U.S. 913, 88 S.Ct. 2074, 20 L.Ed.2d 1372. However, there is some authority that this discretion exists only in cases in which the sum of the pre-sentence detention plus the sentence given does not exceed the maximum allowable sentence. *Smith*, supra; and *Williams*, supra.

■ Accordingly, we shall limit the holding in this case to the facts. We hold that a trial judge has discretion to deny or grant credit for time served in pre-sentence custody where: (1) the pre-sentence custody is not due to the defendant's indigency, and

(2) the sum of the time spent in pre-sentence custody plus the sentence does not exceed the maximum allowable sentence.

## DENIAL OF PROBATION

Appellant claims that the trial court abused its discretion in denying him probation at the sentencing proceeding. The original sentencing proceeding was had on March 29, 1979. At that hearing, the transcript indicates that the trial judge made the following statement:

> "The Court simply could not consider Probation, Mr. Jones, in light not only of your past record, which is very serious."

The controlling case law on consideration of probation is found at pages 1136–1138 of *Sanchez v. State*, Wyo., 592 P.2d 1130 (1979), which had been released on the previous day. In *Sanchez*, we held that it was error for a sentencing judge to fail to consider probation except for crimes punishable by death or life imprisonment. Arguably, when viewed in this context, the judge's statement might be construed to mean that the judge had considered and rejected probation. In addition, other remarks made by the judge suggested that he had considered probation. However, even if this issue were resolved in favor of the State, there would still be other questions about the legality of the denial of probation under *Sanchez*, e.g., did the probation decision "turn upon generalizations about types of offenses or the existence of a prior criminal record"? or was it "rooted in the facts and circumstances of" this particular case?

On April 9, 1979, the appellant filed a notice of appeal. Ten days later, appellant filed a docketing statement pursuant to Rule 2.02, Wyoming Rules of Appellate Procedure, in which, in his statement of the case, he very properly capitalized on the shortcomings of the statement by the sentencing judge with respect to the denial of probation.

On May 10, 1979, the prosecutor moved the trial court, pursuant to Rule 37, W.R. Cr.P.,[1] to correct the record "as it is con-

---

1. Rule 37, W.R.Cr.P., provides:
   "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

tained in the transcript of the sentencing." The prosecutor alleged his belief that the transcript did not accurately reflect the judge's comments at the time of sentencing.

A hearing on the motion was heard on May 15, 1979. The prosecutor again alleged his belief that the above-quoted statement, made by the trial judge according to the transcript, had not in fact been made by the trial judge. The prosecutor then added, "or maybe the Court could consider, if that's what the Court said, changing pursuant to Rule 36 that portion of the sentencing." [2]

The defense counsel then objected that the scope of Rule 36 did not encompass giving the trial judge an opportunity to correct his comments. The trial judge then stated that the first sentence of that rule gave him power to correct a sentence imposed in an illegal manner and implied that under *Sanchez*, supra, he had imposed the sentence in an illegal manner, at least according to the transcript.

The trial judge stated that he was shocked when he read the transcript because he had considered probation. He then either reconsidered probation or took the opportunity to set out his reasons for deciding against probation. The reasons he advanced this time included:

(1) The defendant had an admitted drinking problem which had apparently been the cause of the burglary conviction, as well as the cause of prior convictions for assault with intent to kill and auto theft. The trial judge felt that curing the drinking problem was essential to defendant's rehabilitation and that the defendant was more likely to be cured in prison than outside the prison.

(2) Confinement was necessary to protect the public because "of the violence that existed in one of Mr. Jones' past convictions and his extensive pattern of criminal activity. . . ."

(3) It would unduly depreciate the seriousness of the offense if the sentence of probation were imposed.

The judge was reciting the three alternative justifications for denying probation approved in *Sanchez.*

Mere parroting of the *Sanchez* criteria for denying probation should not be viewed as substantive compliance with *Sanchez.* However, we also said in *Sanchez*:

"A grant of probation is addressed to the sound discretion of the trial court . . . The only right which an applicant for probation possesses is that his petition should be considered by the court . . . Further, a trial judge must give consideration to the application and grant or deny the same in the exercise of a sound legal discretion. . . ." 592 P.2d at 1137.

■ We think that the judge soundly exercised his discretion when he concluded that the defendant—because of an uncured drinking problem—was in danger of further injuring the public if released. This being a sufficient reason for the denial of probation, we need not consider other justifications of the trial judge for denying probation.

■ Regardless of how the judge styled the May 15 hearing, we think it may properly be treated as a Rule 36 hearing under the literal language of that rule. We will affirm a trial judge on any legal ground appearing in the record. *P & M Cattle Co. v. Holler,* Wyo., 559 P.2d 1019, 1024 (1977).

2. Rule 36, W.R.Cr.P., provides:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce the sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court having the effect of upholding the judgment of conviction. The court may also reduce a sentence upon revocation of a probation as provided by law."

Appellant argues that the trial judge should not be allowed to conduct a Rule 36 hearing while he is in the process of preparing his appeal.[3] The literal language of Rule 36 does not support appellant's position. Appellant has not shown how the timing of the trial judge's corrective action prejudiced him. Indeed, under *Sanchez*, appellant's only remedy, following a successful appeal on the grounds that the trial judge failed to adequately consider probation, would be a remand to the trial judge to consider probation in light of the *Sanchez* guidelines. The trial judge has already done this.

Affirmed.

---

3. We note that under Rule 3.01, Wyoming Rules of Appellate Procedure, the supreme court does not acquire jurisdiction of an appeal until the record is filed. This was not done at the time that the trial judge conducted his "Rule 36 hearing."