THE STATE OF OHIO, APPELLEE, *v.* PIERSALL, APPELLANT.

(No. C-840183—Decided December 26, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Leonard Kirschner,* for appellee.

*James A. Vogele,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

On January 14, 1984, David A. Piersall, defendant-appellant sometimes known in the records of this case as David Piersall and David A. Piersakk, was arrested and charged with operating a motor vehicle while he was under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19 (A)(1). The Ohio Uniform Traffic Ticket issued for this offense also contained an allegation to the effect that Piersall previously had been convicted of a similar offense. A physical arrest was made and the defendant remained in confinement until late afternoon on January 24, 1984 when he posted the previously fixed appearance bond and was released from confinement over two hundred forty hours or ten days after his arrest. The defendant, having failed to demand a jury trial, Traf. R. 9(A) and Crim. R. 23(A), and having waived his right to be tried by a judge of the Hamilton County Municipal Court, pleaded no contest to the charge before a referee of that court on February 6, 1984. Traf. R.

14. Following the acceptance of the plea, the referee proceeded to sentence instead of recommending the penalty to be imposed. See Traf. R. 10(B)(3). The defendant requested that his pretrial confinement be credited against the confinement of ten consecutive days mandated by the terms of R.C. 4511.99 (A)(2). That request was denied and the defendant was sentenced by the referee, *inter alia,* to confinement of one hundred eighty days with one hundred seventy days suspended.[1] The defendant was given leave to renew the argument at a later date on the issue of the credit due for the pretrial confinement. That argument was renewed three days later by written motion founded on the case of *White* v. *Gilligan* (S.D. Ohio 1972), 351 F. Supp. 1012. The motion was denied and this timely appeal followed.

The record discloses the disturbing proclivity on the part of many referees to usurp full judicial powers. This is reflected in diverse ways. The language used by the referees is not the least significant of these indications. For example, when one who is not a judge uses the words "the court is of the opinion" rather than the accurate and appropriate words "the referee is of the opinion," it seems natural to move on to the ultimate judicial act in the criminal law, *i.e.,* the imposition of sentence as opposed to the recommendation of sentence. More precise language would tend to reinforce the law in the use of referees, both with regard to the duty and authority of referees and the power and responsibility of the referring judge.

The appeal was initially placed on the accelerated calendar of this court but, after argument, that action was found to have been improvidently taken and the case was restored to the regular calendar by the court, *sua sponte.*

The appellant assigns as the single error the failure to credit the time served, in lieu of posting bond, against the sentence ultimately imposed. The assignment of error is well-made.

The state asserts that appellant waived any error in the sentence by virtue of his failure to object to the action of the referee. The written motion seeking credit for pretrial detention was filed on February 9, 1984, well within the fourteen-day period provided for objections to the action of referees. *State* v. *Crandall* (1983), 9 Ohio App. 3d 291, 293. The filing of the motion instituted a course of action which should have involved an independent judicial review of the referee's action of February 6, 1984. No judge conducted that independent review. Instead, a judge signed a confirmation of the referee's action. That confirmation is represented only by an undated signature of a judge to a rubber stamp placed on the reverse of a document in the record which purports to confirm the disposition of several cases including the one on review. We are unwilling to indicate any approval of a procedure which manifests such perfunctory observance of the constitutional rights of persons accused of criminal offenses.

We are cognizant that appellant specified, in his notice of appeal, February 16, 1984 as the date of the judgment and sentence from which he appealed. On that date, the only action taken by the referee, pertinent to the case on review, was to grant appellant limited driving privileges and to overrule, again, the motion to be credited for pretrial detention. The required independent judicial review of this action of the referee is even less formal and apparent than with respect to the document previously mentioned.

---

[1] We use the word "sentencing" only because it accurately reports what the referee said he was doing. He was not, in fact, sentencing Piersall because referees do *not* have legal authority to sentence.

The condition of the record as transmitted to this court in this particular case compels the rejection of the normal presumption of regularity which is afforded to acts of a trial court. Accordingly, we take note of the error of the trial court in purporting to confirm the action taken by the referee on February 6, 1984. The independent judicial review, if, in fact, it occurred, was premature. *State* v. *Crandall, supra.* The filing of the written motion seeking credit for pretrial detention amounts to an exception taken to the February 6, 1984 action of the referee. To require an exception in some different form or with a different caption would be to require a useless act and would elevate form over substance.

The failure to have an independent judicial review of the act of the referee mandates the reversal and remand of the cause for appropriate action in the trial court. Because of the procedural errors, we do not reach the merits of the appellant's assignment of error.

If the case were appropriate for decision on the merits, we would note that the record transmitted to this court does not reflect that appellant was indigent. To the contrary, there is evidence of his ability to comply with the Ohio Financial Responsibility Act, R.C. 4509.01 *et seq.*, and there are statements by his counsel that appellant was employed, tending to indicate a nonindigent status. Judge Kinneary found in *White* v. *Gilligan, supra,* at 1014, no substantive difference between a prisoner who is forced to remain in jail because of his inability to pay a fine and an indigent defendant who must remain in jail prior to his trial because of his inability to post bond. Both circumstances are unconstitutionally discriminatory in relation to the indigent.

In like manner, the same infirm classification was found in *White* v. *Gilligan, supra,* in the different treatment accorded to the class of defendants remaining at large prior to trial and the class of defendants who are in pretrial detention. When members of the former class are sentenced they receive full credit against their sentences and parole eligibility for all time in confinement. Members of the latter class do not receive credit for their pretrial confinement, frequently and aptly termed "dead time," against the sentences ultimately imposed. *White* v. *Gilligan, supra,* is also authority for the financial status of the accused not being the criterion for determination of eligibility for credit for pretrial confinement.

"* * * This Court merely holds that where, *for whatever reason,* a defendant remains in jail prior to his trial he must be given credit on the statutorily fixed sentence ultimately imposed for all periods of actual confinement. * * *" (Emphasis added.) *White* v. *Gilligan, supra,* at 1014.

The Court of Appeals of Ohio for Franklin County has ruled that pretrial detention must be credited against an ensuing misdemeanor sentence:

"We find that there is no logical reason for distinguishing misdemeanor convictions from felony convictions in crediting time in jail prior to sentencing, or for distinguishing between misdemeanors upon the basis as to whether a felony or misdemeanor was the original charge. Under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and, under the facts of this case, it is required that the time spent by the petitioner in jail prior to trial must be credited to his sentence. * * *" *Haddox* v. *Houser* (1975), 44 Ohio App. 3d 389, 392 [73 O.O.2d 464].

The rationale of Judge Strausbaugh in *Haddox* is, in our view, of equal persuasive impact with that of Judge Kinneary in *White* v. *Gilligan, supra.*

The constitutional issue presents a matter of such gravity and substance that it must be recognized as plain error.

Crim. R. 52(B). On February 6, 1984, the referee denied credit for pretrial detention. Within the fourteen-day period established by Civ. R. 53(E)(2), appellant filed the written motion (exception) seeking to have his right to the credit honored. We find, without more, this to be a sufficient exception to the recommendation of the referee of the penalty to be imposed so as to require the independent review by a judge as is contemplated by Traf. R. 14. Plain error resulted from the failure to grant the independent review and was manifested by the potential illegal confinement of appellant. The argument of the state contending that appellant affirmatively waived the error is thus refuted.

The record before this court is not particularly enlightening with reference to a companion felony charge. In any event, the state misses the point in its argument that no pretrial detention credit should be given against a misdemeanor sentence because the Adult Parole Authority is charged with the responsibility of reducing the sentence by crediting the prisoner for confinement for any reason arising out of the offense for which he was convicted. The record does not disclose that, in fact, appellant was convicted of any offense over which the Adult Parole Authority would have any responsibility. The Adult Parole Authority is ordered to credit pretrial detention against the sentence of a prisoner, a status defined as one confined in a state penal or reformatory institution. R.C. 2967.191 and 2967.01(H). This obviously excludes confinement in the Community Correctional Institution.

The failure to credit pretrial detention against a sentence of confinement ultimately imposed unconstitutionally discriminates against a defendant who is in pretrial confinement, for whatever reason, and denies him the equal protection of the law. It is by that fact prejudicial.

The assignment of error is well-taken. The judgment appealed from is reversed and the cause is remanded to the Hamilton County Municipal Court with instructions for a judge to conduct a hearing on the exception to the recommendation of the referee which failed to give credit for the pretrial detention of appellant and for further proceedings in accordance with law.

*Judgment reversed and cause remanded.*

SHANNON, P.J., PALMER and KLUSMEIER, JJ., concur.