**STATE of Utah, Plaintiff and Respondent,**

v.

**Danny RICHARDS, Defendant and Appellant.**

No. 20580.

Supreme Court of Utah.

June 30, 1987.

David L. Wilkinson, Dave B. Thompson, Salt Lake City, for plaintiff and respondent.

Karen Jennings, Salt Lake City, for defendant and appellant.

STEWART, Associate Chief Justice:

Danny Richards appeals a judgment entered against him for assault, a class B

misdemeanor, in violation of Utah Code Ann. § 76–5–102 (1978). The trial court sentenced Richards to the maximum term of six months in the Salt Lake County jail and refused to give him credit for seventy-five days of presentence incarceration he served because of his inability to post bail. The issue he raises is whether he was denied equal protection of the law by the trial court's refusal to credit his sentence with his presentence incarceration time.

On December 15, 1984, Richards was arrested and charged with aggravated assault, a third degree felony. Utah Code Ann. § 76–5–103 (1978). Although his motion to reduce bail was granted, he was still unable to post bail, and he remained in jail from the date of his arrest until his sentencing. On February 28, 1985, Richards pleaded guilty to simple assault. Eight days later, on March 8, 1985, he was sentenced to the maximum jail term allowed and ordered to make restitution. After sentencing, Richards asked the trial court to credit his presentence incarceration time against his six-month term. The trial judge granted credit for the eight days between the time of his plea of guilty and his sentencing, but denied credit for the prior seventy-five days Richards spent in jail. A certificate of probable cause was issued by this Court, and Richards' sentence was stayed pending the outcome of this appeal.

Richards contends that the trial court's refusal to give credit for all his presentence incarceration time violates the Equal Protection Clause of the Fourteenth Amendment and the Fifth Amendment's prohibition against multiple punishments. Richards also contends that credit should be given against any sentence, even a sentence less than the statutory maximum.

■ We address first the State's argument that the trial court does not have the authority to grant credit for presentence

imprisonment and that only the Board of Pardons has that power. The State, however, admits that "[i]n practice, the Board considers only felony cases, and misdemeanants must look to the trial court for any reduction in sentence." Moreover, Utah Code Ann. § 77–27–5(1) (1982 & Supp. 1985) gave the Board of Pardons jurisdiction over felony cases only, and the amendment to that section in 1986, which extended the Board's authority to cover class A misdemeanors, restricted the Board's jurisdiction to those prisoners housed in facilities controlled by the Department of Corrections. Richards was convicted of only a class B misdemeanor and is therefore not subject to the jurisdiction of the Board of Pardons.

■ In any event, the question of who ultimately determines the actual length of the sentence is not critical. Failure to grant credit against a maximum sentence for presentence incarceration imposed because of a defendant's inability to post bail violates the Equal Protection Clause of the Fourteenth Amendment.[1] *King v. Wyrick,* 516 F.2d 321 (8th Cir.1975); *State v. Warde,* 116 Ariz. 598, 570 P.2d 766 (1977); *People v. Scheib,* 76 Ill.2d 244, 28 Ill.Dec. 513, 390 N.E.2d 872 (1979); *State v. Piersall,* 20 Ohio App.3d 110, 485 N.E.2d 276 (1984); *State v. Lohnes,* 266 N.W.2d 109, 113 (S.D.1978); *Reanier v. Smith,* 83 Wash.2d 342, 517 P.2d 949 (1974); *Klimas v. State,* 75 Wis.2d 244, 249 N.W.2d 285 (1977); *Jones v. State,* 602 P.2d 378 (Wyo. 1979). *See generally* Annot, *Right to Credit for Time Spent in Custody, Prior to Trial or Sentence,* 77 A.L.R.3d 182 (1977). *See contra Caraway v. State,* 550 S.W.2d 699 (Tex.Crim.App.1977).

Although the United States Supreme Court has not dealt with the precise issue in this case, it has dealt with related issues in *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971). In *Williams,* a defendant was sentenced to a maximum term of

---

**1.** The State, in its brief, concedes this point stating,

> [T]he State agrees with defendant that the better, and perhaps majority, view is that a defendant whose presentence confinement

was due solely to his indigency must be credited by the sentencing court for the time spent in presentence confinement, particularly, as was the case here, when a maximum sentence is imposed.

one year and fined $500 plus $5 in court costs. The defendant's sentence provided that if at the end of the one-year jail term, the defendant had failed to pay the fine and court costs, he was to remain in jail to work off his fine at a rate of $5 per day. Because of the defendant's indigency, he was unable to pay the fine and court costs. If the defendant had been required to comply with the "work off" scheme, he would have spent 101 days in jail beyond the maximum term. The Court held that confinement of a defendant beyond the statutory maximum term solely because of his financial inability to pay a fine imposed as part of his sentence violates the Equal Protection Clause. *Williams*, 399 U.S. at 240–41, 90 S.Ct. at 2021. The Court held that the denial of credit in those circumstances constituted an "impermissible discrimination that rests on ability to pay" and that once a state establishes a statutory ceiling for the punishment of an offense, it may not imprison a person beyond the statutory maximum solely because of his or her indigency. *Id.* at 241–42, 90 S.Ct. at 2022.

*Tate* dealt with offenses which were punishable by fines only. The Court relied on *Williams* to hold that a state may not convert a fine to imprisonment solely because of a defendant's financial inability to pay the fine. *Tate*, 401 U.S. at 397, 91 S.Ct. at 670. The Court affirmed the principle asserted in *Williams* that discrimination based on the ability to pay a fine violates the Equal Protection Clause. *Id.*

The holdings in *Williams* and *Tate* provide guidance here. While it is true that Richards' pretrial incarceration was not technically part of the punishment imposed for the crime committed, it was a loss of liberty occasioned by his having been charged with a crime and his inability to post bail. Thus, the total time he had to spend in jail, counting his pretrial detention, was greater than it otherwise would have been but for his economic status. That result is precluded by the rationale of *Williams* and *Tate*. See also *Culp v. Bounds*, 325 F.Supp. 416 (W.D.N.C.1971), which held that equal protection considerations require that the length of imprisonment cannot depend upon a person's economic status.

*State v. Winning*, 531 P.2d 1302 (Utah 1975), is contrary in result, but it did not adjudicate an equal protection contention. In *Winning*, the defendant was charged with a second degree felony and arrested on June 11, 1974. He was unable to post bail and remained in jail until August 30, 1974. The defendant was then convicted of a class A misdemeanor and sentenced to one year in the county jail. The trial court denied the defendant's request that his sentence be credited with the 80 days he had already spent in jail. On appeal, this Court rejected the defendant's contention that *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), required that credit be given to avoid a violation of the Double Jeopardy Clause. This Court reasoned that the credit at issue in *Pearce* was for imprisonment pursuant to a sentence voided by a retrial and a resentence, while the credit at issue in *Winning* was for presentence detention. Asserting that imprisonment while awaiting trial does not constitute punishment, this Court concluded that *Pearce* was not controlling. Since *Winning* dealt only with a double jeopardy argument based on *Pearce, Winning* is not controlling in the instant case.

A number of courts have held that credit for presentence incarceration against any sentence of imprisonment must be granted one who cannot post bail. See *King v. Wyrick*, 516 F.2d 321 (8th Cir.1975); *State v. Piersall*, 20 Ohio App.3d 110, 485 N.E.2d 276 (1984); *State v. Phelan*, 100 Wash.2d 508, 671 P.2d 1212 (1983); *Reanier v. Smith*, 83 Wash.2d 342, 517 P.2d 949 (1974); *Klimas v. State*, 75 Wis.2d 244, 249 N.W.2d 285 (1977). See also *People v. Scheib*, 76 Ill.2d 244, 390 N.E.2d 872 (1979). In *Reanier*, the Washington Supreme Court held that all presentence incarceration should be credited against both maximum and mandatory minimum terms. That Court has also held that credit must be given for all incarceration against any sentence, including a discretionary minimum term. *Phelan*, 100 Wash.2d 508, 671 P.2d 1212.

The position that credit should be given against any sentence for presentence incarceration resulting from an inability to post bail is also supported by authorities in the

field of criminal law. Indeed, they would grant credit for presentence detention in all cases. For example, § 7.09 of the Model Penal Code states:

> (1) When a defendant who is sentenced to imprisonment has previously been detained in any state or local correctional or other institution following his [conviction of] [arrest for] the crime for which sentence is imposed, such period of detention following his [conviction] [arrest] shall be deducted from the maximum term, and from the minimum, if any, of such sentence.

Model Penal Code § 7.09(1) (Proposed Official Draft 1962). While the section contains some flexibility as to the starting point for computing the time between arrest and conviction, the commentary emphasizes that the Code's reporters believed that arrest was the proper starting point. The commentary further states, "The unfavorable conditions that frequently characterize such presentence detention emphasize the justice of this requirement." *Id.* comment 1.

The ABA Standards for Criminal Justice, in standards 10–5.12 and 18–4.7 (1979), also

state that defendants should be given credit for presentence incarceration.[2] Finally, a federal statute specifically grants federal prisoners credit for presentence detention.[3]

 In sum, we do not adopt a rule as broad as the Model Penal Code and the ABA standards. We limit our holding to the proposition that the Equal Protection Clause requires that credit against any sentence must be given for all presentence incarceration imposed on a defendant because he or she cannot post bail.

We do not consider whether this ruling should be retroactive as the issue has not been presented.

The sentence is vacated, and the case is remanded for a new sentence to be imposed in accordance with this opinion.

HALL, C.J., and DURHAM, HOWE and ZIMMERMAN, JJ., concur.

---

**2.** Standard 10–5.12 states:

> Every convicted defendant should be given credit, against both a maximum and minimum term, for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed, or as a result of the underlying conduct on which such a charge is based.

Standard 18–4.7 provides:

> (a) Credit against the maximum term and any minimum term should be given to a defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This should specifically include credit for time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to arrival at the institution to which the defendant has been committed.
>
> ....
>
> (e) To avoid ambiguities, the award of credit for pretrial incarceration should be automatic and mechanical, and affirmative action by the sentencing court should be unnecessary....
>
> (f) The policies of sentencing authorities and those of other agencies empowered to determine the date of actual release should be carefully coordinated in the area of sentenc-

ing credit to achieve consistency of application and the abolition of any distinction between pretrial and posttrial confinement. In particular, where the agency administering early release employs guidelines to determine the presumptive date of such release, credit for pretrial confinement should also be given against such presumptive term. To the extent that full integration of policies respecting sentencing credit is not achieved, the sentencing court should make corresponding adjustments in the sentence it imposes to ensure that the defendant who is confined before trial receives full credit therefor.

**3.** 18 U.S.C. § 3585 (Supp. III 1985) (effective November 1, 1987) states:

> (b) Credit for prior custody.
>
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.