OPINION
Defendant-appellant Timothy Longworth appeals from the denial of his motion to vacate his sentence, for judicial release, and for jail-time credit. We conclude that the trial court correctly held that Longworth was not entitled to the benefit of amendments to the criminal penalties statute enacted after his conviction and sentence, and that the original sentencing entry correctly set forth the amount of jail-time credit. We further conclude that the trial court's denial of Longworth's motion for judicial release is not an appealable order. Accordingly, the judgment of the trial court is affirmed.
 I
In 1987, Longworth pled guilty to aggravated robbery, with a firearms specification. He was sentenced to incarceration for not less than five years, nor more than twenty-five years. The sentencing entry reflects a credit for 64 days that Longworth was in jail before his conviction and sentence.
In March, 2001, Longworth filed three motions. The first of these was a motion to vacate and set aside his sentence, upon the ground that he was entitled to the lesser sentence for the offense of Aggravated Robbery provided by the amendments to the criminal sentencing statute enacted effective July 1, 1996. Longworth's second motion was a motion for judicial release. His third motion was a motion for jail-time credit, in which he contended that in addition to the 64 days of jail-time credit he received for time spent in jail before his conviction and sentence, he was entitled to 180 days of credit for time spent in jail after his conviction and sentence, apparently while he was on parole for the aggravated robbery offense.
The trial court denied all three motions by entry dated May 23, 2001. From the denial of his motions, Longworth appeals.
In this appeal, we have on file both Longworth's pro se brief, filed herein on August 24, 2001, and a brief filed by his appellate counsel, filed herein on March 18, 2002. In accordance with our long-standing policy, we consider Longworth's appeal submitted upon the brief of his appellate counsel, only. We will not consider Longworth's pro se brief.
 II
Longworth's first assignment of error is as follows:
 "THE COURT INFRINGED UPON APPELLANT'S CONSTITUTIONAL RIGHTS THROUGH FAILURE TO APPROPRIATELY CREDIT HIM WITH JAIL TIME."
Longworth cites State v. Piersall (1984), 20 Ohio App.3d 110, for the proposition that the failure to credit pretrial detention against a sentence of confinement unconstitutionally discriminates against a defendant who is in pretrial confinement. We agree with this proposition of law, but note that it is addressed to pretrial detention, not detention as a result of a parole violation occurring after a defendant has been convicted and sentenced. We agree with the State that, pursuant to R.C. 2967.191, it is the sole duty of the department of rehabilitation and correction to credit a defendant who has already been convicted and sentenced with time spent in confinement.
In his motion, Longworth acknowledges that the jail-time credit to which he was entitled for incarceration in jail before trial is 64 days. This is the amount of jail-time credit ordered in the sentencing entry. Accordingly, we find no error in the trial court's decision to deny Longworth's motion for an order awarding additional jail-time credit, and Longworth's first assignment of error is overruled.
 III
Longworth's second assignment of error is as follows:
 "APPELLANT'S SENTENCE IS EXCESSIVE AND VIOLATIVE OF HIS CONSTITUTIONAL RIGHTS."
In his argument in support of this assignment of error, Longworth appears to be arguing that the trial court abused its discretion when it imposed sentence upon him. This argument was not made in the trial court. In the trial court, Longworth argued, in support of his motion to vacate his sentence, that he should be entitled to the lesser sentence now provided for aggravated robbery by virtue of Sub. S.B. 2, enacted effective July 1, 1996. He argues that the retroactive application of Sub. S.B. 2 is required by R.C. 1.58(B), as well as by the United States Constitution. These arguments were considered and rejected in State v.Rush (1998), 83 Ohio St.3d 53. These are the only arguments that Longworth made in the trial court in support of his motion to vacate his sentence. We decline to address arguments in support of the vacation of Longworth's sentence that were not first raised in the trial court.
 IV
Although not apparently the subject of an assignment of error, the order from which this appeal was taken includes the denial of Longworth's motion for judicial release. We note that an order denying a motion for judicial release is not an appealable order. State v. Jennings (May 21, 2002), Montgomery App. No. 19287; State v. Woods (2001),141 Ohio App.3d 549.
 V
Both of Longworth's assignments of error having been overruled, the judgment of the trial court is affirmed.
WOLFF, P.J., and BROGAN J., concur.